

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2005

# Shemonsky v. Resolution Trust

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4649

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Shemonsky v. Resolution Trust" (2005). *2005 Decisions.* Paper 1111.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1111

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4649
_____

MICHAEL R. SHEMONSKY,

Appellant

v.

RESOLUTION TRUST CORPORATION

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 93-cv-0004)
District Judge: Honorable Bruce W. Kauffman
_____

Submitted Under Third Circuit LAR 34.1(a)
May 18, 2005

Before: NYGAARD, VAN ANTWERPEN AND STAPLETON, CIRCUIT JUDGES

(Filed   May 31, 2005  )

_____

OPINION

_____

PER CURIAM

Michael Shemonsky appeals the District Court's order dismissing his "Motion for 60(b) Judicial Fraud by the Court of Appeals"[1] and his "Motion to Discover Ernst & Young, LLP Accounting Files." In his Rule 60(b) motion, Shemonsky requested the return of the assets of Atlantic Financial Federal and monetary damages. In the discovery motion, Shemonsky sought the accounting files of Atlantic Financial Federal held by Ernst & Young. The District Court dismissed the motions because it determined Shemonsky had been enjoined from filing pleadings in the District Court for the Eastern District of Pennsylvania and had not received approval for the filing of the motions. The District Court also ordered that no further pleadings be docketed in the case without prior approval by the Court. Shemonsky filed a timely notice of appeal and we have jurisdiction under 28 U.S.C. § 1291.

While the District Court in its February 22, 1993 order gave Shemonsky thirty days to show cause why he should not be enjoined, it appears from the docket and the record that the District Court never subsequently entered an injunction against Shemonsky. However, we may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Shemonsky did not set forth any adequate basis for the relief that he sought in the motions.

---

[1] Although the title of the motion implies fraud by this Court, because Shemonsky does not make any specific allegations of fraud and none of the members of this panel participated in the 1990 appeal he submitted to support the motion, we decline to recuse ourselves.

Because the instant motions are clearly without merit, we will affirm the District Court's order.